**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LPC ACQUISITIONS, LLC dba CLEVAFLEX** | ) ) ) | **CASE NO.1:12CV2250** |
| Plaintiff, | ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| Vs. | ) ) | |
| **COUPLED PRODUCTS LLC** | ) ) | **ORDER** |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Coupled Products LLC's Motion to Transfer Venue to the Western Division (ECF #12).  For the following reasons, the Court denies Defendant's Motion.

Plaintiff's Complaint alleges Plaintiff, a manufacturer of thermal sleeves and flexible ducts used in the automotive and heating, ventilation and air conditioning industries, delivered goods to Defendant for over fifteen years.  Between May 2011 and February 2012 Defendant placed over 48 orders with Plaintiff which Plaintiff shipped and never received payment. According to Plaintiff, it is owed $74,667.01.  Plaintiff alleges claims for Action on Account, pursuant to the parties' agreement to exchange product for payment on an open account, Breach of Contract and Unjust Enrichment.

Plaintiff filed its Complaint in Cuyahoga County Court of Common Pleas in July of 2012.  The case was removed to this Court in September 2012 based on diversity jurisdiction. On December 10, 2012, Defendant filed its Motion to Transfer Venue to the Western Division.

1

According to Defendant, the transactions at issue are subject to Defendants' Terms and Conditions of Purchase which contains a forum selection clause requiring all disputes be determined by state or federal court in Toledo, Ohio.  Defendant also disputes that Plaintiff's agreement was with Defendant Coupled Products LLC.  Instead, Defendant contends Plaintiff's agreement was with a subsidiary of Coupled Products LLC, named Coupled Products di Mexico.

Plaintiff contends Coupled Products LLC's Terms and Conditions are expressly limited to only U.S. and Canada sales as found in the caption of Coupled's Terms and Conditions.  Furthermore, Plaintiff contends its own Terms and Conditions, which contain no forum selection clause,  governs the transactions.

## **LAW AND ANALYSIS**

Defendant brings its Motion pursuant to 28 U.S.C. §1404(a) which reads "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness." *Kerobo v. Southwestern Clean Fuels, Corp.* 285 F.3d 531, 537 (6th Cir. 2002).  "Section 1404(a) permits a change of venue for the convenience of parties and witnesses.  However, a transfer under section 1404(a) may not be granted when the district court does not have personal jurisdiction over the defendants." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993).  Defendant does not allege, nor do the parties contend, that the Court lacks personal jurisdiction over Defendant.  Therefore, §1404(a) applies.

The Sixth Circuit, in *Kerobo*, outlined the weight to be accorded a forum selection clause.

> The district court must weigh a number of case-specific factors such as the convenience of parties and witnesses, public-interest factors of systemic integrity, and private concerns falling under the heading the interest of justice. A forum-selection clause in a contract is one of the factors to consider in this calculus. Such a clause should receive neither dispositive consideration ... nor no consideration ... but rather the consideration for which Congress provided in § 1404(a).

285 F.3d at 537-38.

The Sixth Circuit's analysis derives from the decision of the U.S. Supreme Court in *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, (1988), which held that 28 U.S.C. §1404(a) governs a district court's decision when determining what effect to give a forum selection clause contained within a contract.  The Supreme Court stated that the district court should consider a number of factors when determining whether to transfer a case when there is a valid, enforceable, forum selection clause. The presence of a forum selection clause will be a significant factor but, it is not dispositive. The Supreme Court outlined the following factors for courts to consider:

1) the convenience of parties;

2) the fairness of the transfer in light of the forum selection clause;

3) the relative bargaining power of the parties to the forum selection clause;

4) convenience of witnesses; and

5) public interest in systemic integrity and fairness

*Id.* at 29,30.

The Sixth Circuit in *Moses v. Business Card Express,* 929 F.2d 1131 (6th Cir.1991) held that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances."

Here, the parties' offer no evidence and make no arguments regarding the factors a court must consider, such as convenience of parties and witnesses, public interest or the bargaining power of the respective companies.  Instead, both parties' arguments are focused solely on the enforceablity of a forum selection clause found within the Terms and Conditions of Purchase allegedly a part of Defendant's Purchase Orders provided to Plaintiff.

Defendant has the initial burden to show a proper alternate venue and then must satisfy the above listed factors warranting transfer of venue.  See *Taylor v. Carnival Corp.* No. 4:08CV06, 2008 WL 4646147, 1 (E.D.Tenn., Oct. 17, 2008) citing *Dowling v. Richardson-Merrell, Inc.,* 727 F.2d 608, 612 (6th Cir.1984) and *Moses v. Bus. Card Exp., Inc.,* 929 F.2d 1131, 1137 (6th Cir.1991).  "Generally, a plaintiff's choice of forum will be given deference unless the defendant makes an appropriate showing." *Wayne County Employees' Retirement System v. MGIC Inv. Corp.* 604 F.Supp.2d 969, 975 (E.D.Mich.,2009) see also *Hoffman v. Blaski*, 363 U.S. 335, 365-66 (1960).  "A defendant may meet its burden under 28 U.S.C. § 1404(a) if it establishes that the parties executed a valid, enforceable forum selection agreement that governs the parties' dispute." *Taylor* at *1.[1]

Defendant offers the affidavit of Jonathan Drew, President of Coupled Products, LLC in support of its Motion to Transfer Venue.  Drew states that the transactions at issue involved Coupled Products LLC's Mexican subsidiary and Clevaflex.  Attached to Defendant's Motion to Transfer are two purchase orders showing that acceptance also involves acceptance of the Terms and Conditions of Coupled, which include the forum selection clause.  Drew then states, "To the

---

[1] Defendant argues that Plaintiff has the burden of showing the forum selection clause should not be enforced.  However, this is putting the cart before the horse.  Defendant must first establish that a valid and enforceable forum selection clause exists.

best of my knowledge and belief, Clevaflex accepted the Purchase Orders at issue, and the attached terms and conditions, without rejection or modification." (ECF #13 ¶6).

The Purchase Orders provided by Defendant do not support a showing of acceptance of Defendant's Terms and Conditions. Plaintiff's Complaint alleges that the relevant transactions occurred between 2011 and 2012. The Purchase Orders cited by Defendant show no transactions in the relevant time period. Furthermore, the only signed Purchase Order is dated October 18, 2007, contains only the signature page, and shows no transactions at all. A later dated Purchase Order form that appears to show transactions dating from 2007 through 2010 is unsigned. The plain language of the Purchase Order states, "Please sign. Date & print your name & title as acceptance of Purchase Order & Terms and Conditions. Then return to buyer above." Therefore, Defendant cannot show acceptance of the Terms and Conditions dating to the relevant time period. Furthermore, Plaintiff's Complaint alleges there were approximately forty-eight orders implicated in the Complaint. Defendant has failed to produce even one in the relevant time period. Lastly, both Plaintiff and Defendant offer affidavits attesting that each ones' Terms and Conditions apply.

Therefore, Defendant has failed to meet its burden to show a valid and enforceable forum selection clause. Without more, Defendant fails to show venue is proper in Toledo, Ohio and the Court denies Defendant's motion.

IT IS SO ORDERED.

                                                s/ Christopher A. Boyko
                                                CHRISTOPHER A. BOYKO
                                                United States District Judge

Dated: May 16, 2013